## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **JUAN J. CORTES,** | ) | |
| **YOJAN CORTES,** | ) | |
| **ADOLFO GARCIA,** | ) | |
| **AMANDA GONZALES,** | ) | |
| **HIPOLITO M. MARRERO,** | ) | |
| **HERNAN M. MINAYA,** | ) | **Civil Action No. _____** |
| **ROBERTO J. ROSALES,** | ) | |
| **JOSE A. SALAS,** | ) | **JURY TRIAL DEMANDED** |
| **On Behalf of Themselves and All** | ) | |
| **Others Similarly Situated,** | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MAC ACQUISITION, LLC,** | ) | |
| **d/b/a Romano's Macaroni Grill,** | ) | |
| | ) | |
| *Defendant.* | ) | |
| _____ | ) | |

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Juan J. Cortes, Yojan Cortes, Adolfo Garcia, Amanda Gonzales,

Hipolito M. Marrero, Hernan M. Minaya, Roberto J. Rosales, and Jose A. Salas, by

and through their undersigned counsel, on behalf of themselves and others

similarly situated (hereinafter "Plaintiffs"), respectfully submit this Collective

Action Complaint under the Fair Labor Standards Act of 1938 ("FLSA"), as

amended, 29 U.S.C. §§ 201 *et seq.,* to recover unpaid minimum wages, overtime

pay, liquidated damages, prejudgment interest, costs, and attorney's fees against Defendant Mac Acquisition, LLC d/b/a Romano's Macaroni Grill ("Defendant"). For their causes, Plaintiffs state as follows:

1.      Plaintiffs are residents of Georgia.

2.      Defendant is a limited liability company with its principal place of business in the State of Texas.  It is authorized to conduct and it in fact conducts business within the State of Georgia.

3.      This Court has subject matter jurisdiction over the present action pursuant to 28 U.S.C. §1331 and FLSA §16(b), 29 U.S.C. § 216(b).

4.      Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391.  Defendant owns and operates numerous restaurants in this judicial district, and a substantial portion of the events giving rise to the claims herein occurred in this judicial district.

5.      Plaintiffs worked for Defendant as non-exempt, hourly-paid employees throughout the period beginning three years prior to the filing date of this Complaint and continuing until their employment ended (the "relevant period").  At all times throughout the relevant period, Plaintiffs were "employees" of Defendant, and Defendant was the "employer" of Plaintiffs covered by the FLSA, 29 U.S.C. §§ 201 *et seq.*

6.     Defendant was at all times during the relevant period and thereafter an employer or enterprise engaged in commerce and/or in the production of goods for commerce subject to the FLSA under 29 U.S.C. §§ 203(b), (d), and (s)(1).

## BACKGROUND FACTS

7.     Defendant operates several restaurants throughout the United States, including the restaurants in Buford and Alpharetta, Georgia, where the named Plaintiffs worked.

8.     Plaintiff Juan J. Cortes worked for Defendant as a Chef from approximately March 7, 2000 until September 21, 2013, when he separated from employment.  His regular hourly rate of pay was $16.15.

9.     Plaintiff Yojan Cortes worked for Defendant as a Cook from approximately September 20, 2002 until September 21, 2013, when he separated from employment.  His regular hourly rate of pay was $14.75.

10.     Plaintiff Adolfo Garcia worked for Defendant as a Chef from approximately December 20, 2000 until December 19, 2013, when he separated from employment.  His regular hourly rate of pay was $15.00.

11.     Plaintiff Amanda Gonzales worked for Defendant as a Cook from approximately December 19, 2000 until December 21, 2013, when she separated from employment.  Her regular hourly rate of pay was $14.00.

12.     Plaintiff Hipolito M. Marrero worked for Defendant as a Cook from approximately December 3, 2010 until September 21, 2013, when he separated from employment.  His regular hourly rate of pay was $16.50.

13.     Plaintiff Hernan M. Minaya worked for Defendant as a Cook from approximately November 17, 2001 until September 21, 2013, when he separated from employment.  His regular hourly rate of pay was $14.25.

14.     Plaintiff Roberto J. Rosales worked as a Cook from approximately December 7, 1996 until September 21, 2013, when he separated from employment. His regular hourly rate of pay was $15.50.

15.     Plaintiff Jose A. Salas worked as a Busser, Prep Cook, and Cleaner from 2004 until March, 2013, when he separated from employment.  His regular hourly rate of pay as a Busser was $7.50 (plus shared tip); $8.50 as a Prep Cook; and $10.00 as a Cleaner.

16.     At all times throughout the relevant period, when Plaintiffs were assigned morning shift schedules, they worked on average one (1) hour without pay each day.   Defendant did not compensate Plaintiffs for the time that they

worked in setting up the kitchen, warming up the ovens, and doing preparation work before they opened the restaurant for business.

17.     At all times throughout the relevant period, when Plaintiffs were assigned afternoon shift schedules, they worked on average one and a half (1.5) hours without pay each day.  Plaintiffs were not compensated for the hours that they worked in cleaning up their workstation in the kitchen at the end of their shift.

18.     At all times throughout the relevant period, Plaintiffs were required to clean the entire kitchen once every other week without compensation.  Plaintiffs spent two (2) hours on a given day cleaning the kitchen.

19.     At all times throughout the relevant period, Plaintiffs working as Bussers were not allowed to clock-in at the start of their shift but rather at the time that they began cleaning their first table.  As a result, when there were no customers at the start of their shift, Bussers were not paid during the wait period.  On average, they were not paid for fifteen (15) minutes each shift.

20.     During the relevant period, Plaintiffs worked on average forty-five (45) to fifty (50) hours per week, of which five (5) to ten (10) of those hours were not compensated as a result of the above stated practices.  Defendant discouraged Plaintiffs from recording more than forty (40) hours of work each week, even though it required Plaintiffs to work more than the recorded hours.  As a result,

Plaintiffs were also not paid overtime at the rate of one and a half times their regular rate of pay for those hours.

21.     Upon information and belief, Defendant has not maintained accurate records of all the hours that Plaintiffs have worked and have not complied with the requirements under 29 U.S.C. § 211(c).

## COLLECTIVE ACTION ALLEGATIONS

22.     Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following class of potential opt-in litigants:

> Individuals who, during the period beginning three years prior to the filing date of this Complaint: (1) were, or are, non-exempt employees of Defendant; (2) were not paid at least minimum wage for all the hours that they actually worked for Defendant; and (3) did not get paid at the required overtime rate for hours worked in excess of forty hours per week.

23.     Plaintiffs desire to pursue their FLSA claims on behalf of themselves and any other individuals who opt in to this action pursuant to 29 U.S.C. § 216(b).

24.     Plaintiffs and the above class members are "similarly situated," as the term is defined in 29 U.S.C. § 216(b), because, *inter alia*, all proposed class members worked pursuant to Defendant's previously described common business practices and, were not actually paid for all the time in which they performed work for Defendant.  Resolution of this action requires inquiry into many common facts,

including, *inter alia*, Defendant's common compensation, timekeeping, and payroll practices.

25.     The named Plaintiffs have given their written consent to become party plaintiffs in this collective action under the FLSA.  Their written Consent to Join as Party Plaintiff Pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit A.

## COUNT I: Violation of the Federal Fair Labor Standard Act Unpaid Minimum wage

26.     Plaintiffs incorporate herein all the allegations contained in the preceding paragraphs.

27.     The FLSA, 29 U.S.C. §§ 201, *et seq.* requires an employer to pay its employees at least the statutory minimum wage for all hours worked, at least $7.25 per hour.

28.     At all times during the relevant period, Plaintiffs were not exempt employees as defined by the FLSA, and they are therefore, entitled to the FLSA's protections.

29.     At all times during the relevant period, Defendant was and still is an employer subject to the FLSA.  However, Defendant failed to compensate Plaintiffs at an hourly rate equal to or above the minimum wage for every hour that they worked for Defendant.

7

30.     Accordingly, Defendant violated the FLSA, 29 U.S.C. § 206.

31.     Defendant's failure to pay at least the minimum wage compensation for all the hours worked by Plaintiff was intentional, willful, malicious and in reckless disregard of Plaintiffs' rights under the FLSA.

32.     As a result of Defendant's violation of the minimum wage provisions of the FLSA, Plaintiffs suffered damages.

**WHEREFORE,** Plaintiffs respectfully request the following relief:

A)     That Plaintiffs be awarded against Defendant the unpaid wages at an hourly rate equal to or above the minimum wage due for every hour that they worked, as required under the FLSA, in an amount to be determined at trial;

B)     An equivalent amount as liquidated damages;

C)     Pre- and post-judgment interest;

D)     Reasonable counsel fees and costs; and

E)     Such further and appropriate relief as the Court may deem necessary.

## COUNT II: Violation of the Federal Fair Labor Standard Act Unpaid Overtime

33.     Plaintiffs incorporate herein all the allegations contained in the preceding paragraphs.

34.    The FLSA, 29 U.S.C. §§ 201, *et seq.* requires an employer to pay its employees at the overtime rate of one and one half times the regular rate of pay for the hours worked in excess of forty (40) hours per workweek.

35.    Defendant failed to pay Plaintiffs at the required overtime rate of pay for the hours worked in excess of forty (40) hours per workweek.

36.    Accordingly, Defendants violated the overtime provisions of the FLSA, 29 U.S.C. §§ 207, *et seq.*

37.    Defendant's failure to pay the required overtime rate was intentional, willful, malicious and in reckless disregard of Plaintiffs' rights under the FLSA.

38.    As a result of Defendant's violation of the overtime provisions of the FLSA, Plaintiffs suffered damages.

**WHEREFORE,** Plaintiffs respectfully request the following relief:

F)    That Plaintiffs be awarded against Defendant the unpaid overtime compensation due under the FLSA at one and a half times their applicable regular rates for all hours worked in excess of forty (40) per week in an amount to be determined at trial;

G)    An equivalent amount as liquidated damages;

H)    Pre- and post-judgment interest;

I)    Reasonable counsel fees and costs; and

J)      Such further and appropriate relief as the Court may deem necessary.


## **DEMAND FOR JURY TRIAL**

Plaintiffs respectfully request a trial by jury on all issues deemed so triable.


Dated: January 6, 2014                    Respectfully submitted,

                                          THOMAS CHOI LAW FIRM
                                          5164 Buford Highway
                                          Doraville, GA 30340
                                          (770) 457-9630

                                          By:  /s/   Thomas Y. Choi_____
                                          Thomas Y. Choi, Esq. Bar No. 124976
                                          tychoi@thomaschoilaw.com
                                          Counsel to Plaintiffs

                                          By:  /s/   Connie K. Yoon_____
                                          Connie K. Yoon, Esq. Bar No. 814311
                                          ckyoon@thomaschoilaw.com
                                          Counsel to Plaintiffs